RECEIVED
IN MONROE, LA
APR 19 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. ACTION NO. 05-30045 |
| VERSUS | JUDGE ROBERT G. JAMES |
| JOE THOMAS MILES | MAG. JUDGE KAREN L. HAYES |

**Ruling**

Pending before the Court is a Motion in Limine to Exclude Evidence ("Motion in Limine") [Doc. No. 24] filed by the United States of America ("the Government"). Defendant Joe Thomas Miles ("Miles") has filed a Response to the Government's Motion in Limine to Exclude Evidence ("Response") [Doc. No. 25]. For the following reasons, the Government's Motion in Limine is GRANTED.

I.  **Pertinent Factual Allegations and Procedural History**

On June 30, 2004, Judge Teat of the Second Judicial District Court, Jackson Parish, Louisiana, issued a temporary restraining order ("TRO") pursuant to Louisiana Revised Statute 46:2131, which prevented Miles from, among other things, harassing his second wife, Patty Chambless Miles. Miles admits that on July 7, 2004, he was served with the TRO by the East Baton Rouge Sheriff's Office at 9684 Molly Lea Drive, Baton Rouge, Louisiana 70815.

On the bottom of the TRO was a notice of rule to show cause. Miles was ordered to show cause on August 6, 2004, at 11:00 A.M. in the Jackson Parish Courthouse, Jonesboro, Louisiana, why the TRO and other relief requested should not be made protective orders. The TRO expired on its face on August 13, 2004.

Miles failed to appear at the August 6, 2004 hearing. A protective order meeting the requirements of 18 U.S.C. § 922(g)(8) was signed on August 13, 2004 with an expiration date of February 13, 2006. A copy of the order was faxed to the Louisiana Protective Order Registry. A copy of the order was also mailed to Miles' Baton Rouge address. Miles did not appeal the order or otherwise contest its validity in state court.

On June 20, 2005, Miles was arrested after deputies responded to a 911 call placed by his ex-wife Ginny Miles.[1] Ginny Miles reported that Miles had fired a handgun several times inside the home. The investigation by deputies allegedly revealed that Miles had fired a Smith and Wesson .44 magnum revolver six times in close proximity to Ginny Miles as she attempted to move her belongings out of the house. Miles was arrested for illegal discharge of a weapon. A criminal history check revealed that Miles was under a protective order, and the case was recommended for federal prosecution under § 922(g)(8).

On November 30, 2005, the Government filed a criminal complaint against Miles. The complaint alleges that on or about June 20, 2005, in Jackson Parish, Louisiana, Miles possessed a firearm while under an order of protection, in violation of 18 U.S.C. § 922(g)(8).

On February 13, 2006, Miles filed a Motion for Release from Pre-trial Detention on the basis that he was never served with the August 13, 2004 protective order. On February 21, 2006, the Government filed a memorandum in opposition to Miles' motion. On February 24, 2006, Magistrate Judge Karen L. Hayes conducted a detention hearing and determined that Miles should be detained pending trial on the basis that he is a danger to the community.

---

[1]The Government alleges that Miles' ex-wife was living with him at the time his second wife applied for and obtained a protective order.

On March 30, 2006, the Government filed the instant Motion in Limine, which Miles opposed on March 31, 2006.

On April 4, 2006, the Court held a telephone status conference with counsel to determine the precise issue before it on the Motion in Limine. Following the conference, the Government filed a reply memorandum in support of its motion.

## II.  Law and Analysis

Title 18, Section 922(g)(8) provides as follows:

It shall be unlawful for any person—
. . .
(8)    who is subject to a court order that—

>    (A)    **was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;**
>
>    (B)    restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and
>
>    (C)(I)    includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or
>
>    (ii)    by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury . . .

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

(emphasis added).

In this case, Miles does not contend that the August 13, 2004 protective order was invalid or that it did not meet the requirements of § 922(g)(8). Rather, the issue under subsection (A) is

3

whether Miles may present evidence and/or argument that he was not served with the August 13, 2004 protective order.

The Government contends that, by contesting service, Miles is improperly attempting to attack the validity of the underlying protective order.

Miles responds that he does not contest the validity of the protective order, but contends that "[w]hether [he] had knowledge of the existence of an order prohibiting him from the possession of a firearm is an issue of fact." [Doc. No. 25-2, p.2].

Collateral review of a protective order is not permissible in a prosecution under § 922(g)(8). *United States v. Hicks*, 389 F.3d 514 (5th Cir. 2004); *United States v. Emerson*, 270 F.3d 203 (5th Cir. 2001). Section 922(g)(8) does not require actual notice of the protective order, only that the order "was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate." 18 U.S.C. § 922(g)(8); *see generally United States v. Banks*, 339 F.3d 267, 270 (5th Cir. 2003) (The hearing requirement is met if the defendant had "actual notice" of the hearing and "an opportunity to participate," but chose to enter into an agreed protective order); *cf. United States v. Spruill*, 292 F.3d 207 (5th Cir. 2002) (Hearing requirement was not met when no hearing was ever set; defendant, who was illiterate and acting without an attorney, signed an agreed protective order provided by the Assistant District Attorney; and the order was forwarded to the judge for his approval).

While the Fifth Circuit Court of Appeals has not addressed this precise factual situation, the statute and analogous case law make clear that, under subsection (A) of § 922(g)(8), Miles need only have notice of the hearing and an opportunity to be heard at the hearing. There is no requirement

that he have notice of the issuance of the protective order.[2] *See United States v. Napier*, 233 F.3d 394, 399 (6th Cir. 2000) (Whether or not defendant received the underlying protective order "is of no moment."). Miles admits that he was served with the June 30, 2004 TRO, which also contained the notice of a subsequent hearing to determine whether the TRO would be converted to a protective order. Miles, for whatever reason, did not attend the hearing and, thus, his own actions prevented him from participating in the hearing. *See United States v. Wynne*, 01-6386, 2003 WL 42508 (10th Cir. 2003) (Section 922(g)(8)'s notice requirement was satisfied when defendant admitted that he received a TRO in 1994, the TRO contained the date and time of a hearing on the protective order, but he failed to appear at the hearing, and a protective order was entered in default; defendant "had an opportunity to be present and chose not to be.").

Under these circumstances, the Court finds that the "hearing" requirement of subsection (A) has been satisfied, and Miles cannot offer the defense that he never received service of the August 13, 2004 protective order.

### III. Conclusion

The Government's Motion in Limine [Doc. No. 24] is GRANTED. Miles will not be permitted to introduce evidence or make argument that he was not served with the August 13, 2004 protective order issued by the Second Judicial District Court, Jackson Parish, Louisiana.

MONROE, LOUISIANA, this __19__ day of __April__, 2006.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[2] The Government contends that the August 13, 2004 protective order was properly served on Miles. The Court need not reach this argument.

5